264 So.2d 823 (1972)
Laverne DUNN
v.
STATE of Mississippi.
No. 46872.
Supreme Court of Mississippi.
June 26, 1972.
*824 Clayton Lewis, Philadelphia, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Laverne Dunn was convicted for the murder of Roy Allen McLain and sentenced to life imprisonment by the Circuit Court of Neshoba County, Mississippi.
Appellant assigns two errors on appeal, as follows:
(1) The trial court committed error in not disqualifying special prosecuting attorney in said cause, after he had conferred with defendant, talked as to fees, set his fee, and discovering all the facts in the case from defendant's view; and
(2) The court committed error in not quashing the jury, not granting a mistrial, and not giving a new trial after the sheriff spent the night with the jury in their overnight quarters in the hotel during the trial of the case and after the jury had been sworn to try issue; and the sheriff being a key witness both before the grand jury and on the trial for the State, and after the sheriff had assisted the prosecuting attorneys in their selection of jurors.
While appellant was a patient at the Neshoba County Hospital, Laurel G. Weir, a member of the Neshoba County Bar, was summoned to the hospital by the administrator to talk to the appellant about representation in his case. The attorney went to the hospital at a time when appellant was not charged with any crime and discussed representation with him and quoted him a fee. The attorney testified that the appellant was unable to tell him anything about the facts of the homicide with which he was later charged.
The attorney went to the hospital on two occasions, and at the first time the sister of appellant was there and testified that the attorney asked her brother some questions pertaining to appellant's family, and appellant told him that he just remembered getting home and talking to the youngest stepdaughter about her work. The witness said the attorney asked several other questions but she did not remember them, and further stated that the attorney said that he had rather think over taking the case; and if he did, he would have to have $5,000 in two days.
On occasion of the second visit, the mother of appellant was present and there was no claim that any of the facts were discussed on this visit.
At the time of the visit to the hospital, the attorney had been nominated in the Democratic primary for the office of county attorney to take effect in January 1972, and said that after his first visit, the relatives of the deceased contacted him and reminded him of the fact that he was to take *825 office as county attorney and requested that he participate in the trial of the case. He explained to them that he could only participate before 1972, if he were hired as special prosecutor. The family employed him and he went to the hospital on a second visit to tell appellant that he would not be able to represent him.
In Russell v. State, 185 Miss. 464, 189 So. 90 (1939), this Court, on a similar motion, stated:
If it were true, as testified by the attorney, that he had never discussed the facts of the case with the appellant and the employment was never consummated, then the trial court was not in error in holding that the relation of attorney and client had never existed; but it should be clearly understood that the question of whether a fee is raised is not the test as to the competency of an attorney to testify where he has been consulted in a professional capacity and has given advice of any nature or character whatever relating to the case. Otherwise, it could be said by analogy that if a patient consults a physician or surgeon in his professional capacity, and then finds himself unable to pay the medical or surgical fee required, the privilege of the communication would be removed. At any rate, no part of this controversy should have been heard in the presence of the jury. (185 Miss. at 474, 189 So. at 93).
Appellant also cites Kansas v. Leigh, 178 Kan. 549, 289 P.2d 774 (1955), where it was held that an attorney who voluntarily listened to a client's statement of the case preparatory to the client's defense was disqualified from accepting employment upon the other side for counsel for State in prosecution of the action.
Under the facts of this case we are of the opinion that the trial court properly overruled the motion to disqualify the special prosecutor.
We are of the opinion that the second assignment of error is well taken. There is no doubt from the proof that after the jury was selected, but before any testimony was heard by the jury, the sheriff spent the night at the hotel where the jury was quartered. Although the record does not show that he was appointed by the court as a jury bailiff, since he was a material witness, it was reversible error for him to spend the night at the quarters of the jury.
In Smith v. State, 251 Miss. 241, 169 So.2d 451 (1964), the conviction of appellant was reversed because deputy sheriffs who had assisted in selection of the jury were appointed and served as jury bailiffs.
In Perkins v. State, 244 So.2d 414 (Miss. 1971), the conviction of appellant was reversed because a material witness who was a deputy sheriff and jailer and also served as courtroom deputy had a conversation with one of the jurors shortly after he testified.
In Lee v. State, 226 Miss. 276, 83 So.2d 818 (1955), where the bailiffs were material witnesses in the case, the case was reversed, and the Court stated:
It is clear that the sheriff and his deputies did not consciously attempt to influence the jurors in deciding the case, but that does not determine the question here involved. We are of the opinion that a material witness should not serve as jury bailiff, and if such witness serves as jury bailiff after objection thereto by appellant, it is reversible error.
It is a common trait of human nature for witnesses to favor the side of the case on which they testify, and many witnesses become partisans for what they regard as their side of the case. Probably one reason for this is that the witness wants the jury to vindicate his version of the facts. A material witness is partisan, or likely to be; and there are many ways a jury could be influenced without the witness actually discussing the case. Moreover [sic], there is opportunity for actual and intended *826 improper influence which can, and should, be avoided.
Of equal or greater importance in this regard is the appearance of unfairness, and this is of vital importance; for public confidence in the fairness of jury trials is essential to the existence of our legal system. Whatever tends to threaten public confidence in the fairness of jury trials, tends to threaten one of our sacred legal institutions. There is no reason why a material witness should serve as jury bailiff and the use of the State witnesses as such was reversible error, where timely objection was made thereto, as was done in this case. (226 Miss. at 285-86, 83 So.2d at 821).
In the instant case, the sheriff was later called as a witness, testified at length about the physical facts at the scene of the homicide, and he should not have spent the night where the jury was kept even though he was not designated as bailiff.
Appellant made a motion to quash the jury before any testimony was heard by the jury on the morning following the selection of the jury. The motion was timely made and should have been sustained for the reason that the sheriff, who was a material witness, spent the preceding night at the quarters of the jury. This constituted reversible error, and the court should have sustained the motion to quash the jury.
Appellant also argues that reversible error was committed because the sheriff was consulted with reference to the selection of the jury. We hold that the district attorney is entitled to consult with the sheriff in reference to the selection of a jury, even though the sheriff might be a material witness in the case; but an officer who assists in the selection of a jury should not serve as a bailiff to the jury.
Reversed and remanded for a new trial.
RODGERS, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.