Appellant was indicted by the Grand Jury of Randolph County in two cases of selling marijuana, and one case for possessing marijuana. He was tried and convicted by a jury in two cases. He was tried and convicted by the trial judge in the third case without a jury. Appellant was sentenced to a total of seven years in the three cases. After the sentences were imposed, appellant gave notice of appeal in each case. He filed a motion stating that the issues in the three cases were essentially the same and that the cases should be consolidated for review by this Court. He was furnished free transcripts and trial counsel was appointed to represent him on appeal. We will consolidate the three records and dispose of these appeals in one opinion.
We have carefully reviewed the four-volume record in these cases and see no necessity in setting forth the evidence pertaining to the sale and possession of marijuana by appellant. Suffice it to say that the State made out a clearcut case for the jury, and the trial judge, on the guilt vel non of appellant. But this does not end the case.
A grave and important matter is presented in this prosecution that must have our attention as it strikes at the very heart of our criminal justice system and involves fundamental fairness and a keen sense of justice.
It is not disputed that shortly after appellant was arrested on the charges for which he now stands convicted he, along with three other arrestees, went to the law office of Honorable W.D. Wood II in Roanoke, Alabama, and conferred with him about the pending charges against him. At the time of this consultation Mr. Wood was engaged in the private practice of law. Mr. Wood admitted that appellant and three other individuals were in his office together and there was some confusion as they were all talking at the same time. Mr. Wood requested that these prospective clients wait in his reception office and he would consult with each of them individually.
Mr. Wood called appellant into his private office and discussed the cases against him to the extent, at least, that he could fix a fee for representing him. Mr. Wood testified at the hearing on the motion for a mistrial based on a conflict of interest and admitted he quoted appellant a fee of $500.00, plus expenses, to defend him in the Circuit Court. Mr. Wood was somewhat vague and indefinite as to the details of the charges related to him by appellant but he did recall that appellant mentioned that he had a previous criminal record. He certainly got enough details from appellant to be in position to quote him a fee to represent him on the pending charges.
Appellant did not pay Mr. Wood the quoted fee and left his office. Mr. Wood stated *Page 818 
that he did not make a file in appellant's case as he did not return to his office.
In June of 1974 Mr. Wood assumed the duties of Assistant District Attorney for Randolph County and he actively participated in the prosecution of the first case against appellant. It was during this first trial that the motion for a mistrial was made because of a conflict of interest or prosecutorial misconduct based upon appellant's previous consultation with the lawyer who was now prosecuting him. At the conclusion of the hearing on this motion the trial judge denied the motion for a mistrial stating that he did not think appellant was prejudiced in any way. We disagree and reverse the case for a new trial.
In Hannon v. State, 48 Ala. App. 613, 266 So.2d 825, this Court held:
 "The relationship of attorney and client is one of the most sacred relationships known to the law and places upon the attorney a position likened to a fiduciary calling for the highest trust and confidence, so that in all his relations and dealings with his client, it is his duty to exercise the utmost honesty, good faith, fairness, integrity and fidelity, and he may not at any time use against his former client knowledge or information acquired by virtue of the previous relationship. This rule is universal and hoary with age.
 "To permit a District Attorney to prosecute his former client, or to divulge to one of his assistants, in charge of the prosecution, the confidential information imparted to him by the client, can never be sanctioned. It would constitute an act wholly at war with due process of law. The injury would not be limited to the defendant — there is injury to the entire system of justice, to the law as an institution, to the community at large, to the democratic ideal reflected in the processes of our court, and would destroy the last vestige of public confidence and respect in the administration of our criminal laws."
We note that Mr. Wood did not actively participate in the two remaining cases against appellant. We think this points up most strongly that the prosecution team realized that Mr. Wood should not have participated in the first case. However, the records in the remaining cases show that he was a member of the prosecution team. We hold that the taint in the first case permeated all subsequent prosecutions.
It is of no consequence that money did not pass from appellant to Mr. Wood. The rule is best stated in Kansas v.Leigh, 178 Kan. 549, 289 P.2d 774:
 "The authorities are to the effect that in a criminal action, even where no fee has been agreed upon, demanded or asked, and though the services rendered are gratuitous, yet if an attorney has discussed the case with his client or proposed client, or voluntarily listens to his statement of the case preparatory to the defense, he is thereby disqualified to accept employment on the other side as a prosecutor or assistant prosecutor."
This case is clearly distinguishable from Hannon v. State,supra. In Hannon the Public Defender who had consulted and interviewed Hannon was subsequently elected District Attorney but he took no part in the prosecution, nor did he impart to any of his assistants any information he had gained from his conversations with Hannon. Here, Mr. Wood actively participated in the first case against appellant and this wrong infected the entire prosecution.
We cannot permit the convictions in these cases to stand.
REVERSED AND REMANDED.
All the Judges concur. *Page 819