MADDOX, Justice.
The State petitioned this Court for a Writ of Certiorari to issue to the Court of Criminal Appeals directing that court to review and reverse a judgment in Satterwhite v. State, Ala.Cr.App., 359 So.2d 816 (1977).
Milton Satterwhite, Jr., was convicted at two separate trials of selling marijuana and at a third trial, was convicted of possession of marijuana. Satterwhite was sentenced to a total of seven years and he gave notice of appeal from each conviction.
Certain issues being common in each case against Satterwhite, a motion to consolidate the cases on appeal was granted. The Court of Criminal Appeals reversed all three cases, basing its holding on Hannon v. State, 48 Ala.App. 613, 266 So.2d 825 (1972). That decision mandated that an attorney may not at any time use against his former client knowledge or information acquired by virtue of a previous relationship. The Court of Criminal Appeals found that this principle was violated when Mr. W. D. Wood, II, who had discussed the case with Satterwhite before leaving private practice and assuming the role of County Prosecutor, took an active part in the prosecution of the first Satterwhite conviction. The Court of Criminal Appeals held:
“We note that Mr. Wood did not actively participate in the two remaining cases against appellant. We think this points up most strongly that the prosecution team realized that Mr. Wood should not have participated in the first case. However, the records in the remaining cases show that he was a member of the prosecution team. We hold that the taint in the first case permeated all subsequent prosecutions.”
The State’s application for rehearing being denied, it petitioned this Court for cer-tiorari, asserting that the decision of the Court of Criminal Appeals was in conflict *820 with prior decisions of both this state and other jurisdictions, and, in the alternative, was a case of first impression. We granted the writ, primarily to review the holding by the Court of Criminal Appeals “that the taint of the first case permeated all subsequent prosecutions.”
Satterwhite filed a motion to supplement the record pursuant to Rule 10(f), ARAP, along with an affidavit (attached as an appendix) of his attorney, setting out additional facts as to Wood’s participation in the last two proceedings. None of the facts in the attorney’s affidavit affirmatively appear in the record.
The pertinent portion of Rule 10(f) reads:
“If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. .
This rule replaced former Supreme Court Rule 18, Title 7, Appendix, Code of Alabama 1940. See Committee Comments to Rule 10(f). A reading of the provisions of Rule 18, as well as the cases construing that rule, shows that this Court required that a request to supplement must be submitted prior to submission of the cause. Welch v. State, 271 Ala. 199, 123 So.2d 205 (1960). The former rule further required a sufficient showing of need for certiorari when the requesting party seeks a reversal, Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630 (1958), although a party seeking to sustain the lower court’s verdict was relieved of that burden.
The language of Rule 10(f), ARAP, substantially alters the former rule by allowing the transcript to be supplemented when any matter material to either party is omitted. Furthermore, either party or the appellate court, on its own initiative, may seek to correct an omission, and if necessary, an appellate court may direct a supplemental record to be certified and transmitted.
In order to decide the issues presented by the State on certiorari, especially in view of the allegations made in the affidavit, we deem it necessary to know what the true facts are. Consequently, we remand the cause to the Court of Criminal Appeals with directions to that court to remand, within 28 days, Case No. 5 Div. 370, and Case No. 5 Div. 371, to the trial court with directions to the trial court to conduct a hearing within 56 days from the date of the order of remand by the Court of Criminal Appeals, to determine the extent of the participation, if any, by W. D. Wood, II in cases 5 Div. 370, and 5 Div. 371. Any transcript of the hearing should be filed by the appellant, Satterwhite, within the time and under the provisions of law as apply to appeals in criminal cases. The Court of Criminal Appeals shall forward to this Court any transcript of the proceedings had in the trial court pursuant to this directive, within seven days after receipt by that court.
Nothing contained herein shall preclude the parties from stipulating the facts, in this Court, if done within 14 days, in the Court of Criminal Appeals or in the trial court. In fact, we encourage a stipulation of the facts, if possible.
Because of the unusual nature of this case, the relief we hereby grant should be construed as an exercise by this Court of its supervisory powers, and a liberal application of Rule 10(f); it should not be construed as establishing a departure from our rules governing review of cases from the Courts of Appeal, especially Rule 39. In other words, by handling this case in the manner we do, we may expedite a final determination of it, which is one of the stated purposes of Rule 1, ARAP.
REMANDED WITH DIRECTIONS.
*821 TORBERT, C. J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
BEATTY, J., recused.