469 So.2d 1252 (1985)
Clarence GRAY
v.
STATE of Mississippi.
No. 54720.
Supreme Court of Mississippi.
May 22, 1985.
*1253 Gregory L. Harper, James W. Nobles, Jr., Jackson, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., and Edwin Lloyd Pittman, Atty. Gen. by Jack Lacy, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
This is an appeal from a criminal conviction in the Circuit Court of Hinds County. Appellant Clarence Gray was convicted of grand larceny, and sentenced to five years imprisonment without eligibility for parole at the Mississippi Department of Corrections and a payment of a $1,000 fine.
Gray appeals assigning as error:
*1254 (1) The trial court erred in overruling appellant's motion for a new trial on the ground that an assistant district attorney who participated in the prosecution had previously conferred with Mr. Gray about representing appellant in the defense of the case at bar; and
(2) The trial court erred in allowing the state to amend the habitual offender portion of the indictment to reflect the correct dates of appellant's prior felony convictions.

I.
Appellant's conviction stems from the robbery of a convenience store in Jackson, Mississippi. The clerk on duty at the time of the robbery testified that after assisting a customer she returned to the front of the store where she discovered the appellant crouched behind the counter. The appellant was clutching one of the money bags used by employees to store excess cash and kept in a floor safe located behind the counter. The clerk ran to the office at the rear of the store and notified merchandise manager Jack Ragsdale.
Ragsdale entered the store as the man, whom he identified as the appellant, was leaving. Ragsdale pursued appellant into an adjacent parking lot where appellant dropped the money bag containing $482.00 in cash. Ragsdale apprehended appellant and took him back to the store where he was held until the police arrived.

II.
Did the trial court err in overruling appellant's motion for a new trial based on a conflict of interest on the part of the assistant district attorney who prosecuted the cause?
Following his arrest, appellant was placed in confinement at the Hinds County Jail. On June 17, 1982, Robert Taylor, an attorney then engaged in private practice, met with appellant Gray at the jail house for approximately 45 minutes. Taylor subsequently joined the district attorney's office and actively participated in the prosecution of the appellant. In its motion for a new trial, the defense assigned as this participation as error, alleging that, as a result of the post-arrest conference with appellant, Taylor acquired privileged information regarding the pending grand larceny charge and should not have been permitted to prosecute the case. Following a hearing, the motion was overruled by the trial court, which ruling appellant presently assigns as error.
We note at the outset that the controlling rule of law to be applied in this case is not the subject of dispute. It is firmly established that a prosecuting attorney is disqualified from acting in a criminal case if he has previously represented or been consulted professionally by the accused with respect to the offense charged. State v. Phillips, 672 S.W.2d 427 (Tenn.Cr. App. 1984); Love v. Superior Court, 111 Cal. App.3d 367, 168 Cal. Rptr. 577 (1980); People v. Stevens, 642 P.2d 39 (Colo. App. 1981); Satterwhite v. State, 359 So.2d 816 (Ala.Cr.App.), remanded, 359 So.2d 819 (Ala.), on remand, 359 So.2d 821 (Ala. Cr.App.), cert. quashed, 359 So.2d 821 (Ala. 1977). See generally Annot. 31 A.L.R. 3rd 953 (1970). This Court's prior decisions recognize and respect the substance of this rule. Sharplin v. State, 330 So.2d 591 (Miss. 1976); Dunn v. State, 264 So.2d 823 (Miss. 1972); Russell v. State, 185 Miss. 464, 189 So. 90 (1939). There can be no question that the subsequent prosecution of a criminal defendant by an attorney who has previously gained confidential information from the accused relative to the charges against him is inherently incompatible with the right of a criminal defendant to receive a fair trial.
This Court is also mindful of the fact that the above rule serves a number of interests of special importance to the legal profession. It protects the prosecuting attorney from the potential conflict of interest which arises from divided loyalty. Code of Prof. Responsibility, Cannon 5. It enforces the ethical obligation of the lawyer to preserve the confidences and secrets *1255 of a client. Code of Prof. Responsibility, Cannon 4.
It is the glory of the legal profession that its fidelity to its clients can be depended upon; that a man may safely go to a lawyer and converse with him upon his rights in litigation with absolute assurance that that lawyer's tongue is tied from ever discussing it. [citation omitted].
People v. Gerold, 265 Ill. 448, 107 N.E. 165 at 175 (1914). Finally, disqualification enforces the ethical obligation that each attorney owes to a client and to the bar to avoid impropriety as well as the appearance thereof. Code of Prof. Responsibility, Cannon 9. Sharplin v. State, 330 So.2d 591, 594 (Miss. 1976).
On the other hand, no purpose would be served by applying the proscriptive rule to bar a prosecuting attorney's participation in a criminal case where the evidence fails to establish that the attorney, by reason of his professional relations with the accused, gained any confidential information regarding the matter involved in the criminal prosecution. Dunn v. State, 264 So.2d 823 (Miss. 1972); Russell v. State, 185 Miss. 464, 189 So. 90 (1939). Each case must therefore be examined on its facts in order to determine the nature of the attorney's prior relationship with the accused and the substance of any communications between the attorney and the accused. In this regard, we emphasize that the question of whether a fee is discussed is not the test as to the competency of the attorney. Russell v. State, 185 Miss. 464, 189 So. 90, 93 (1939).
In the case sub judice, appellant Gray testified at the motion hearing that his jail house consultation with attorney Taylor following his arrest lasted approximately 45 minutes. Official records of the Hinds County Detention Center were introduced which confirmed the fact that Taylor spent 45 minutes with the appellant on June 27, 1982. Appellant testified that during this visit, he discussed with Taylor the facts surrounding two pending grand larceny charges including the convenience store robbery charge which was subsequently prosecuted by Taylor. Taylor denied generally discussing the facts of the case with the appellant, but conceded that he had no independent recollection of the jail house visit.
Based on the above evidence, this Court cannot with confidence conclude that no confidential information regarding appellant's pending grand larceny charge was acquired by Taylor. We hold, therefore, that the trial court erred in refusing to grant appellant's motion for new trial based upon Taylor's subsequent participation in the prosecution of the charge. In so holding, we impute no wrongdoing to the assistant district attorney. Our holding today is not grounded upon the demonstration of any actual abuse but rather on the duty to eliminate the very serious appearance of impropriety present in this case.
We find it necessary to address the state's contention that, even if participation by the assistant district attorney was improper, any objection thereto was waived by appellant's failure to object at the outset of the trial. We think that, in light of the compelling interests at stake in such circumstances, the better view is that the issue was adequately preserved by appellant's motion for a new trial when the defense attorney first learned of this newly discovered evidence. People v. Rhymer, 32 Ill. App.3d 431, 336 N.E.2d 203, 205 (1975) (issue considered although raised for first time on appeal); State v. Burns, 322 S.W.2d 736, 741 (Mo. 1959) (issue considered although raised for first time in motion for new trial). Where a potential issue regarding disqualification exists, the prosecution shares equally with the defendant the duty of bringing the matter to the attention of the trial court.
We therefore reverse and remand this case for retrial. The trial court is instructed to appoint a district attorney pro tempore to prosecute the case in accordance with Miss. Code Ann. § 25-31-21 (1972). *1256 We find it unnecessary to address appellant's remaining assignment of error.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.