583 So.2d 203 (1991)
James D. ALDRIDGE
v.
STATE of Mississippi.
No. 90-KA-0276.
Supreme Court of Mississippi.
July 17, 1991.
*204 Louis F. Coleman, Coleman Coleman & Coleman, West Point, for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
On November 30, 1988, James D. Aldridge was arrested and charged with burglary of Keller Motor Company on November 19, 1988. Thad Buck, a public defender for Clay County, was appointed to defend Aldridge on December 8, 1988. Buck represented Aldridge for approximately eleven (11) months until November 15, 1989, when he sought to withdraw from Aldridge's case due to his recent appointment as Assistant District Attorney in Clay County.
On January 15, 1990, Aldridge was tried for the crime of burglary of a commercial building and as an habitual offender. On the morning of trial, Aldridge filed a motion requesting that the trial court disqualify Buck, the Assistant District Attorney, and Forrest Allgood, the District Attorney, from prosecuting the cause, and seeking to have the court appoint a district attorney pro tempore. At a pretrial hearing, the State stipulated that Buck would take no part in the trial, but argued that there existed no reason to disqualify Allgood. The State, then, put on evidence to show that Buck had not communicated any of the facts of Aldridge's case to Allgood.
At the conclusion of the hearing, the trial court overruled the motion to disqualify upon finding that (1) Buck was not prosecuting the case, (2) Buck did not disclose any confidential information to Allgood, and (3) there was no appearance of impropriety under the circumstances of this case.
At the conclusion of the trial, Aldridge filed a motion for a j.n.o.v. or, in the alternative, a new trial alleging that the trial court had erred in overruling Aldridge's motion to disqualify. In support of the motion, Aldridge cited Miss. State Bar Ethics Op. 167. The trial court overruled the motion.
Aldridge was found guilty and sentenced as an habitual offender to seven (7) years in the custody of the Mississippi Department of Corrections without eligibility for probation or parole, with said sentence to run consecutively with any other sentence presently being served. Feeling aggrieved, Aldridge appeals in forma pauperis to this Court assigning one error:
Whether the trial court erred in failing to disqualify the district attorney from prosecuting the defendant despite his assistant having previously represented the *205 defendant for approximately eleven months in the same cause.
Our review is limited to whether the trial court erred in overruling Aldridge's motion to disqualify the Clay County district attorney's office from prosecuting this cause. The record clearly showed that Buck had received confidential information concerning Aldridge's case. Therefore, Buck properly did not represent the State during Aldridge's trial. Gray v. State, 469 So.2d 1252, 1254-55 (Miss. 1985).
Aldridge asks that this Court adopt a per se vicarious disqualification rule. In support of his argument, Aldridge cites Ethics Opinion 167, which recommends the following:
When a defense lawyer withdraws from representing a client charged with capital murder and becomes an Assistant District Attorney in the same judicial district, then that District Attorney's office should recuse itself from prosecuting that case when confidential remarks had been made to the attorney and the client requests recusal.
Miss. State Bar Ethics Op. 167 (1989).
We agree that a district attorney's office should recuse itself under the above cited circumstances and under the facts of the instant case. The problem lies, as in the instant case, when the district attorney's office fails to do what it should ethically do  disqualify itself.[1]
We do not believe a per se disqualification rule is the answer. In Gray, we declined to adopt a per se disqualification rule when considering whether an assistant district attorney who previously represented an accused was disqualified from prosecuting the case. Gray, 469 So.2d at 1255. We found the better approach to be a case-by-case analysis to determine whether the lawyer gained any confidential information during his representation of the client. Id. Gray, however, is distinguishable because we did not consider whether imputed disqualification is required when, as in the instant case, there has been a disclosure of confidential information by an accused to his attorney, who later joins the district attorney's office and is clearly disqualified from participating in the case.
The comment to Rule 1.10 indicates that vicarious or imputed disqualification serves primarily to preserve a client's confidentiality. Comment (Lawyers Moving Between Firms, and Adverse Positions) Rule 1.10, Rules Prof. Conduct; cf. Gray, 469 So.2d at 1254-55. Therefore, if the State can meet the heavy burden of showing that the accused's confidentiality remained unscathed, then we will not require the district attorney to disqualify himself or his office. This burden, however, is great and is not to be treated lightly by trial courts. The State must show that the assistant district attorney had absolutely no participation in the case, from the time of withdrawal through adjudication; divulged no confidential information; and notified the other party promptly upon becoming aware of the conflict of interest. Cf. Rule 1.11(a) & (b), Rules Prof. Conduct.
Reviewing the trial court's decision with these rules in mind, we find that the trial court erred. First, the trial court applied the appearance of impropriety standard when this standard has been abandoned by the Rules of Professional Conduct. See Comment (Lawyers Moving Between Firms), Rule 1.10, Rules Prof. Conduct; see also, Restatement (Third) of the Law Governing Lawyers § 201 comment c(iv) (Tent. Draft No. 4, 1991).
Second, the trial court erred by failing to consider whether Buck was entirely screened from Aldridge's case. The record clearly shows that he was not. Upon seeing Aldridge's name on the docket, Buck told Louis Coleman, Aldridge's new appointed counsel, that he knew Aldridge was an habitual offender and that it has been a policy of Allgood's not to drop the habitual *206 offender portion of an indictment. Then, Buck and Coleman discussed the case.[2] During this conversation, Buck made no attempt to indicate that he would not be participating in the case, rather he put Coleman on notice that he was privy to confidential details of Aldridge's case. At no time thereafter until the day of trial did the district attorney's office notify Coleman that Buck had not breached any confidences and would not participate in the case.
Last, we find the evidence insufficient to show that there was no disclosure of confidential information by Buck. The district attorney's statement for the record asserting that he had not conversed with Buck concerning the facts of this case and did not acquire any knowledge or information concerning this case from Buck has no legal effect because it was not made under oath.
Finding that the trial court erred in overruling Aldridge's Motion to Disqualify District Attorney Allgood, we reverse and remand this case for a new trial. On remand, the trial court is instructed to appoint a district attorney pro tempore pursuant to Miss. Code Ann. § 25-31-21 (1972), to prosecute the case.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.
PRATHER, J., not participating.
NOTES
[1] We note that the District Attorney now has the County Attorney for Clay County prosecute all cases in which Assistant District Attorney Buck previously represented a criminal defendant in his capacity as Public Defender.
[2] Buck asserted that he did not discuss anything of substance or detail.