HINKEBEIN, J.,
for the Court:
¶ 1. Eric Thurman was convicted in the Smith County Circuit Court for the sale of cocaine. For his offense, Thurman was sentenced to a term of twelve years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction, Thurman appeals to this Court on the following grounds:
I. THE TRIAL COURT ERRED IN FAILING TO REQUIRE RECUSAL OF THE ASSISTANT DISTRICT ATTORNEY.
II. THE PROSECUTION’S EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION.
Holding these assignments of error to be without merit, we affirm the judgment of the circuit court.
FACTS
¶ 2. In 1993, Deputy Brian Bailey, a deputy with the Simpson County Sheriffs Department, was assigned to a narcotics task force covering Simpson and Smith Counties operating to apprehend participants in the local drug trade. On the particular day in question, Deputy Bailey wired confidential informant Richard Forrest with an electronic body microphone, searched both Forrest and his car to ensure against the presence of narcotics, provided Forrest with marked currency, and then instructed him to drive into Raleigh, Mississippi for the purpose of buying from known dealers.
¶3. Shortly after being dispatched, Forrest observed Thurman walking down a city street, pulled his ear alongside his acquaintance, and inquired as to whether he might purchase cocaine. Thurman joined the informant in the automobile, directed him toward a more secure location, and upon arriving, exchanged several rocks of crack cocaine for the money Deputy Bailey had previously supplied. Shortly thereafter, Forrest returned Thurman to his original destination and handed the evidence over to Deputy Bailey.
¶ 4. At trial, the prosecution presented the testimony of both Forrest and Deputy Bailey. While Forrest recalled the exchange and identified Thurman as the source of the cocaine, Deputy Bailey described the transaction as he heard it via the microphone/recording device. Then the jurors heard for themselves the taped conversation to which Bailey had listened. Although Thurman vigorously attacked Forrest’s credibility and, in fact, presented testimony from family members that they could not recognize his voice on Deputy Bailey’s audiotape, jurors nonetheless found him guilty of transferring of cocaine. It is this from conviction which he now appeals to this Court.
ANALYSIS
I. THE TRIAL COURT ERRED IN FAILING TO RECUSE ASSISTANT DISTRICT ATTORNEY WILTON MCNAIR.
¶ 5. On the morning of trial, the prosecutor disclosed to both judge and defense counsel Assistant District Attorney Wilton McNair’s recent realization that he had, several years prior, represented Thurman before the Mississippi Employment Security Commission. Though McNair convinced the court that he had not gained any knowledge which might afford the district attorney’s office an unfair advantage in the pending criminal matter, Thurman, through his attorney, objected without elaboration. On appeal he explains, urging that we adopt a per se disqualification rule barring any prosecuting attorney’s participation in a criminal case where he/she has had a prior professional relationship with the accused. Alternately, Thurman suggests that McNair’s knowledge of his contemporaneous adversity unjustly *1228 supplied the State with an otherwise unascer-tainable motive for his illegal act. We find neither of these arguments to be persuasive.
¶ 6. The Mississippi Supreme Court has expressly declined to adopt the per se disqualification rule advocated by Thurman on at least two occasions. In Gray v. State, 469 So.2d 1252 (Miss.1985), and later in Aldridge v. State, 583 So.2d 203 (Miss.1991), the court voiced a strong preference for a case-by-case analysis by which it might be determined whether the lawyer gained any confidential information via the representation. Gray, 469 So.2d at 1255; Aldridge, 583 So.2d at 204. Consequently, it is the nature of the prior relationship and the substance of any communications between the attorney and the accused which are controlling. Wagner v. State, 624 So.2d 60, 64 (Miss.1993) (citing Gray, 469 So.2d at 1255). In this instance, we agree with the trial court’s conclusion that the relationship between the civil representation and the criminal prosecution was insubstantial. A conviction in the latter did not call for proof as to motive which was the only confidential information allegedly obtained via McNair’s prior representation. We hold this assignment of error to be without merit. See Wall v. State, 379 So.2d 529, 532 (Miss.1980).
II. THE PROSECUTION’S EVIDENCE PRESENTED WAS INSUFFICIENT TO SUSTAIN A CONVICTION.
¶7. In his second assignment of error, Thurman essentially questions Forrest’s credibility, quietly intimating that either the informant was mistaken or untruthful in identifying him as the source of the cocaine. With that unstated but ever-present assertion in mind, Thurman claims that the prosecution failed to present sufficient evidence that it was in fact he who sold cocaine to Forrest. Focusing exclusively on the audio recording obtained by Deputy Bailey during the operation and played for jurors during the subsequent trial, Thurman urges this Court to re-examine the testimony offered by his mother and fiancé that they did not recognize any voice on the tape as being his. In this vein, he also cites as significant the absence of any reference to him by name and, more specifically, characterizes the utterance of Forrest’s nickname and not his own as indicative of his innocence. Because the prosecution’s evidence, with or without the recording, supports his conviction, we affirm on this basis as well.
¶ 8. Both motions for directed verdict and motions for JNOV challenge the legal sufficiency of the evidence. Noe v. State, 616 So.2d 298, 302 (Miss.1993) (stating that motion for directed verdict tests legal sufficiency of evidence); McClain v. State, 625 So.2d 774, 778 (Miss.1993) (stating that motion for judgment of acquittal notwithstanding the verdict also tests legal sufficiency of the evidence). See also Strong v. State, 600 So.2d 199, 201 (Miss.1992) (stating that trial judge is bound by same law whether addressing motion for directed verdict or addressing request for peremptory instruction). Since both require consideration of the evidence before the court when made, this Court properly reviews the ruling only on the last occasion that the challenge was made in the trial court. McClain, 625 So.2d at 778. In this instance, that challenge was quelled when the circuit court denied Thurman’s motion for JNOV/new trial. See, e.g., Wetz v. State, 503 So.2d 803, 807-08 (Miss.1987).
¶ 9. Where a defendant moves for JNOV, the trial court considers all of the credible evidence consistent with the defendant’s guilt, giving the prosecution the benefit of all favorable inferences that may be reasonably drawn from this evidence. McClain, 625 So.2d at 778. This Court is authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could not find the accused guilty. Wetz, 503 So.2d at 808 n. 3.
¶ 10. In this instance, Forrest testified that he and Thurman had been previously acquainted with one another. He also *1229 stated clearly and unequivocally that it was Thurman whom he initially observed walking down the street, Thurman who rode alongside him through the streets of Raleigh, and Thurman who ultimately extracted several rocks of crack cocaine from a pill bottle, exchanging the substance for $200. It is well established that even without corroboration, this testimony would suffice to sustain Thurman’s conviction. Nash v. State, 278 So.2d 779, 780 (Miss.1973) (holding that testimony of single witness may serve to support jury verdict). With this in mind, we hold that reasonable and fair-minded jurors certainly might have found Thurman guilty upon having heard both the questioned tape and law enforcement officers confirm, contrary to his family’s claims, that the unidentified voice thereon was indeed his. Consequently, we hold this assignment of error to be without merit.
¶ 11. THE JUDGMENT OF THE SMITH COUNTY CIRCUIT COURT OF CONVICTION OF THE TRANSFER OF COCAINE AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, KING, PAYNE and SOUTHWICK, JJ., concur.