920 So.2d 486 (2006)
David Ray VANDERGRIFF, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CA-01733-COA.
Court of Appeals of Mississippi.
January 17, 2006.
*488 William C. Stennett, attorneys for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorneys for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. David Vandergriff pled guilty to the charge of armed robbery in the Circuit Court of Lee County on August 27, 2002. He was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections, with ten suspended, and five years of post-release supervision. Vandergriff then filed a motion for post-conviction relief, claiming various defects in his guilty plea. The trial court dismissed his motion. Finding no error, we affirm.

*489 FACTS
¶ 2. On August 28, 2001, Vandergriff assaulted Sue Grisham, a cashier at the Fish Lake Grocery. At Vandergriff's sentencing hearing, Grisham recounted the events which had occurred on that day. She testified that Vandergriff entered the Fish Lake Grocery at approximately 2:00 p.m., made his way to the beer cooler, and brought a case of beer to the front counter. As Grisham rang up the beer, Vandergriff reached into his pocket and produced a nine-millimeter pistol. He ordered Grisham to put all of the store's money into the bag with the case of beer. She complied. He then marched her to the end of the store counter and ordered her to turn around and get on her knees, whereupon he struck her on the top of the head with his pistol. Grisham testified that she heard a "pop" when Vandergriff struck her, and that she thought that she had been shot in the head. When she regained her composure, Vandergriff was nowhere to be seen. Grisham then called 911 and reported her belief that she had been shot, and that the store had been robbed. Following this incident, Grisham attempted to return to work at the Fish Lake Grocery, but she was unable to do so because of mental distress caused by the incident.
¶ 3. Vandergriff was indicted by a grand jury chosen from Lee County. The indictment alleged that Vandergriff had assaulted Grisham with a 9-millimeter pistol, and had stolen a quantity of beer, ice, and $600-$800 from the Fish Lake Grocery. Vandergriff entered a plea of guilty to the charge of armed robbery and was sentenced following a hearing. Aggrieved by the sentence that was imposed, Vandergriff filed a motion for post-conviction relief. In that motion, he stated three grounds on which he believed his plea should be overturned. First, he argued that he should be allowed to withdraw his plea because it was not entered into in a knowing and intelligent manner. Second, he argued that he was not afforded the effective assistance of counsel guaranteed by the sixth amendment to the United States Constitution. Third, he alleged that the prosecuting assistant district attorney should have recused himself from Vandergriff's case, because, prior to entry into the state's employ, he had been appointed to represent Vandergriff at his initial appearance. The trial court found that Vandergriff entered his plea in a knowing and intelligent manner, that he did not prove that he had been denied effective assistance of counsel, and that the prosecutor did not receive any confidential information from Vandergriff.

STANDARD OF REVIEW
¶ 4. Our standard of review on a denial of a motion for post-conviction relief is well-established. We will not reverse the trial court unless we find that the court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).

ANALYSIS
¶ 5. Vandergriff argues the same issues in this Court as he raised at the trial court level. We address each in turn.

I. Whether Vandergriff's plea was entered in a knowing and intelligent manner
¶ 6. Vandergriff contends that his guilty plea was not entered in a knowing and voluntary manner, and that he should therefore be allowed to withdraw his plea. He cites only case law which regards withdrawal of guilty pleas. The State responds that the record shows that Vandergriff entered his plea in a knowing and voluntary manner. The trial court found *490 that Vandergriff's answers at the plea hearing evidenced that he had entered his plea knowingly and voluntarily.
¶ 7. "The standard of review pertaining to voluntariness of guilty pleas is well settled: `this court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.'" Roby v. State, 861 So.2d 368, 369(¶ 4) (Miss.Ct.App.2003) (quoting Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999)). The defendant must prove by a preponderance of the evidence that his guilty plea was made involuntarily. Id. "A plea is considered `voluntary and intelligent' if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea." Id. (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)). We accord great weight to statements made by the defendant under oath and in open court. Id. (citing Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999)).
¶ 8. In the instant case, Vandergriff entered an open plea of guilty to the charge of armed robbery. Our review of the record shows that Vandergriff, at his plea hearing, was asked whether his plea was "free and voluntary;" whether anyone "made any threats or promises" to him; whether he was aware of the rights he was giving up by pleading guilty, including the right to a jury trial; whether he understood the charges brought against him; whether he understood the minimum and maximum sentence which could be imposed for the charge of armed robbery; whether he was "satisfied with the legal services and advice of his attorney"; whether he believed that his attorney had properly advised him before entering his plea; and whether he believed that his attorney properly represented his best interest. Vandergriff, in open court, responded that his plea was free and voluntary, that no one had made threats or promises to him regarding his plea, that he was aware of the rights he was waiving, that he understood the charges against him, that he understood the minimum and maximum sentence of the charge to which he pled, and that he was satisfied with the legal advice and services of his attorney. Based on these responses, we find that Vandergriff entered his plea knowingly and voluntarily.
¶ 9. Vandergriff relies on United States v. Carr, 740 F.2d 339 (5th Cir.1984) for the proposition that he should be allowed to withdraw his voluntary guilty plea. His reliance is misplaced for two reasons. First, Carr deals with the former version of Federal Rule of Criminal Procedure 32(d), which granted courts the discretion to allow the withdrawal of a guilty plea by a defendant "upon a showing by the defendant of any fair and just reason." Fed. R.Crim.P. 32(d) (1944) (amended 1987). We have no comparable rule to the former Federal Rule of Criminal Procedure 32(d) in our state law, and thus the decision in Carr is completely inapplicable to the case before us. Second, in Carr, the Fifth Circuit Court of Appeals was concerned with the issue of whether the defendant could withdraw his guilty plea before sentencing. In the instant case, Vandergriff is attempting to withdraw his plea on post-conviction motion, well after he has been sentenced on the charge of armed robbery. We note, however, that Carr sets out a list of factors to determine whether a defendant can withdraw his plea, and even assuming arguendo that Carr was applicable, most of these factors would weigh against Vandergriff in this case.
¶ 10. Vandergriff also argues that his plea was "tainted" by the fact that he was taking prescription medications at the time of trial, and that ineffective counsel affected his plea. However, the record indicates *491 that Vandergriff was asked whether he was "under the influence of any drug, intoxicating liquor, or any other substance" at the hearing on the entry of his plea, and, as mentioned previously, was asked whether he was satisfied with his counsel's assistance. He responded that he was not under the influence of any intoxicant or substance, and that he was satisfied with the services of his attorney. Accordingly, we find that Vandergriff has not shown by a preponderance of the evidence that his plea was entered involuntarily.

II. Whether Vandergriff was afforded effective assistance of counsel
¶ 11. Vandergriff argues that his counsel was deficient because he failed to make a reasonable investigation into the facts of the case, failed to interview Vandergriff properly prior to recommending that he plead guilty, and failed to call key witnesses who would have "changed the outcome of the proceedings." In support of his contention, Vandergriff attaches the affidavit of his father, Walter Vandergriff, stating his belief that his son was inadequately represented. The State responds that there is significant evidence supporting Vandergriff's guilt. The trial court ruled that Vandergriff had not shown that his counsel's performance was deficient. We find that Vandergriff has not shown how different actions taken by his counsel would have changed the outcome of the proceedings.
¶ 12. The test for ineffective assistance of counsel is stated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984). The defendant bears the burden of establishing ineffective assistance of counsel, and he must show that (1) defense counsel's performance was deficient when measured by the objective standard of reasonable professional competence, and (2) that the defendant was prejudiced by counsel's failure to meet that standard. Pleas v. State, 766 So.2d 41, 42(¶ 3) (Miss.Ct.App.2000) (citing Wiley v. State, 750 So.2d 1193, 1198(¶ 11) (Miss. 1999)). When, as here, the defendant entered a guilty plea, the question is whether "there is a reasonable probability that had counsel's assistance been effective, he would not have pled guilty, but would have insisted on going to trial." Id. at 43(¶ 7) (citing Bell v. State, 751 So.2d 1035, 1038(¶ 14) (Miss.1999)). "[H]e must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Roby, 861 So.2d at 370(¶ 8) (quoting Smith v. State, 434 So.2d 212, 219 (Miss.1983)).
¶ 13. In the instant case, Vandergriff has not stated how additional investigation or interviewing of witnesses by his counsel would have changed his decision to plead guilty. At no point in his plea of guilty and sentencing did Vandergriff assert his innocence. In fact, during his sentencing hearing, Vandergriff admitted in detail committing the crime charged. He does not state what the testimony of these witnesses would have been, or how the testimony could possibly have changed his decision to plead guilty to the crime he admitted committing. This being the case, we find that Vandergriff has not carried his burden of proving that the ineffective assistance of his counsel led him to plead guilty when he otherwise would have asserted his innocence.
¶ 14. Vandergriff attached two affidavits to his post-conviction motion: one containing his own statements, and one sworn out by his father, Walter. Both affidavits contain statements to the effect that Vandergriff was coerced into pleading *492 guilty by the promise of his attorney that he would receive probation if he so pled. This coercion, argues Vandergriff, constitutes ineffective assistance of counsel, in that it caused Vandergriff to plead guilty. However, at his plea hearing, Vandergriff affirmed that he was pleased with the representation of his attorney, and he further agreed that he had received no promises as to the sentence he may receive if he pled guilty. He was also apprised of the minimum and maximum sentence that could be imposed for armed robbery, and affirmed, in open court, that he understood that the judge could impose on him any sentence of at least three years and less than life imprisonment. For these reasons, we find that Vandergriff has not shown that the assistance of his counsel was ineffective because his counsel coerced him into entering a plea.

III. Whether the assistant district attorney should have been recused from Vandergriff's case because he served as the defendant's court appointed attorney prior to serving as assistant district attorney
¶ 15. In his Certificate of Initial Appearance, dated October 12, 2001, Vandergriff indicated that he wished to have a public defender appointed to represent him. David Daniels was appointed as his counsel. Vandergriff avers in his brief that he was represented by Daniels before he hired private counsel on November 27, 2001. Some time later, Daniels became an assistant prosecutor and was assigned to Vandergriff's case. Daniels was present on behalf of the State at Vandergriff's plea hearing, but his only participation in the hearing was to agree to the judge's request that he be present at Vandergriff's sentencing hearing. At the sentencing hearing, Daniels examined witnesses on behalf of the State. In response to this post-conviction motion, Daniels filed an affidavit denying that he was present at Vandergriff's initial hearing, denying any recollection of information received from Vandergriff, and denying that he learned any facts from Vandergriff which were used against Vandergriff in the prosecution of his case. The trial court found that "it is clear that David Daniels, as a result of being appointed by the Lee County Justice Court to represent Petitioner at his Initial Appearance, did not obtain any information from Petitioner that was later used against him during the prosecution of [Vandergriff's case]."
¶ 16. It is well settled that "a prosecuting attorney is disqualified from acting in a criminal case if he has previously represented or been consulted professionally by the accused with respect to the offense charged." Gray v. State, 469 So.2d 1252, 1254 (Miss.1985). "[T]he subsequent prosecution of a criminal defendant by an attorney who has previously gained confidential information from the accused relative to the charges against him is inherently incompatible with the right of a criminal defendant to receive a fair trial." Id. However,
no purpose would be served by applying the proscriptive rule to bar a prosecuting attorney's participation in a criminal case where the evidence fails to establish that the attorney, by reason of his professional relations with the accused, gained any confidential information regarding the matter involved in the criminal prosecution. Each case must therefore be examined on its facts in order to determine the nature of the attorney's prior relationship with the accused and the substance of any communications between the attorney and the accused.
Id. at 1255 (citing Dunn v. State, 264 So.2d 823 (Miss.1972); Russell v. State, 185 Miss. 464, 189 So. 90 (1939)).
¶ 17. The question to be determined, then, is whether the trial court was clearly *493 erroneous in its finding that no confidential information was transmitted from Vandergriff to Daniels. Id. Although Vandergriff and Daniels disagree as to whether confidential information was communicated, we do not find that the trial court was clearly erroneous in its findings. Vandergriff claims in his brief that Daniels represented him at his initial appearance, and that during the initial appearance, he "engaged into specific discussions regarding the nature of his case" with Daniels. Vandergriff also states that he discussed "many intimate details of his case" with Daniels, and that he "engaged in further discussions... in which [he] discussed his involvement in the crimes charged." Countering these statements, Daniels submitted an affidavit which stated that he "was not present at that initial appearance," and that he "received no information that [he] can recall from the client." He further stated that he "learned no facts from Mr. Vandergriff that were used against him in the prosecution of this case."
¶ 18. Although Vandergriff makes the aforementioned allegations in his appellate brief, he did not submit an affidavit to that effect in the trial court. Vandergriff submitted a Statement of Facts that are Within the Personal Knowledge of the Petitioner, as required by section 99-39-9(1)(d) (Rev.2000), but nowhere in this statement of facts did Vandergriff claim to have communicated confidential information to Daniels. Nor did Vandergriff state specifically what confidential information was communicated, or how this confidential information was used against him. Vandergriff submitted absolutely no evidence to support his allegation; the only evidence before the trial court was the affidavit of Daniels, which denied that any confidential information was communicated.
¶ 19. Furthermore, Vandergriff entered an open and voluntary plea of guilty, without recommendation by the State. At no point during the entry of his plea or during his sentencing hearing did Vandergriff request that the prosecutor recuse himself because of a conflict of interest; the issue was not raised until Vandergriff filed his motion for post-conviction relief. These circumstances indicate that both Vandergriff and Daniels, at the time of the hearings in question, were not even aware of their previous relationship, if any. We conclude that the trial court judge was not clearly erroneous in her finding that no confidential information was communicated from Vandergriff to Daniels. Confidential information was not used in the prosecution of this case, and Daniels' relationship with Vandergriff had no effect on the disposition of this case. Accordingly, we affirm.
¶ 20. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.