974 So.2d 250 (2007)
Joseph G. JONES a/k/a Joseph Jones a/k/a Joseph Glenn Jones, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00667-COA.
Court of Appeals of Mississippi.
June 19, 2007.
Rehearing Denied November 27, 2007.
Michael D. Mitchell, attorney for appellant.
Office Of The Attorney General by Deshun T. Martin, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. Joseph Glenn Jones was convicted by a jury in the Circuit Court of Jones County, Second Judicial District, of attempted felony escape and sentenced to serve a term of thirty months in the custody of the Mississippi Department of Corrections. Jones seeks reversal and remand of his case, arguing that a conflict of interest existed when Anthony Buckley, the district attorney for Jones County, prosecuted this attempted escape case against him because Buckley had formerly represented Jones in a number of other matters prior to taking office as a prosecutor. Additionally, Jones seeks reversal of his conviction due to a lack of sufficiency of the evidence against him. Finding no trial court error, we affirm Jones' conviction.

*251 FACTS
¶ 2. Jones was awaiting trial in an unrelated matter in the Jones County Adult Detention Center when he was indicted on felony attempted escape charges. Prior to his trial for the felony escape charges, Jones moved to disqualify the prosecutor and his assistants and requested that a new prosecutor be appointed pro tempore. A hearing was held on the matter and the trial judge found that the prosecutor and his assistants did not have a conflict of interest in their prosecution of the escape case. At issue in this appeal is the prosecutor's connection with Jones in his former role as Jones' defense lawyer and his current role as a district attorney in prosecuting a case against Jones.
¶ 3. Jones testified at his motion hearing prior to his attempted escape trial that Attorney Buckley represented him in a number of legal issues, totaling close to two-hundred matters, over a period of thirteen years. Jones explained that Buckley's representation of him covered a myriad of charges, misdemeanors and felonies alike, ranging from DUI to sexual battery, and receiving stolen goods to burglary. Jones further testified regarding a heated political discussion occurring between he and Buckley. Jones was elected to the Laurel City Council and claims that he was a supporter of Buckley during his campaign for Laurel District Attorney. After Jones was elected as a city councilman, he asserts that Buckley warned him of "making waves" within the council and threatened him with prosecution should Jones continue to cause trouble. Buckley was called to testify at the hearing and he confirmed his former attorney relationship with Jones on several certain charges, however he denied representing Jones in the sexual battery charge. Buckley further denied Jones' allegation regarding his political threats. No testimony was presented from either side regarding Buckley's alleged representative role in the pending escape charge against Jones.
¶ 4. After taking testimony from Jones and Buckley, the trial court found from the bench that Buckley's former representation of Jones in separate matters from the present attempted escape charge would not require Buckley to withdraw as prosecutor. The trial court based its finding that no conflict of interest existed on the fact that the escape charge Jones was facing, and Buckley was prosecuting, did not occur until well after the date that Buckley took office as the district attorney. Buckley went forward on behalf of the State with the escape trial and Jones was convicted of attempted felony escape. Aggrieved, Jones requests review of the following issues, which we quote verbatim:
I. THE TRIAL COURT ERRED IN FAILING TO DISQUALIFY THE CURRENT MEMBERS OF THE DISTRICT ATTORNEY'S OFFICE FOR THE 18TH CIRCUIT COURT DISTRICT DUE TO DIRECT AND IMPUTED CONFLICTS OF INTEREST;
II. THERE WAS INSUFFICIENT EVIDENCE INTRODUCED AT TRIAL TO PROVE DEFENDANT'S GUILT OF THE CRIME CHARGED.
DISCUSSION
I. DISQUALIFICATION OF DISTRICT ATTORNEY AND DISTRICT ATTORNEY'S OFFICE DUE TO DIRECT AND IMPUTED CONFLICT OF INTEREST
¶ 5. We begin our discussion by stating that there is no per se disqualification rule for prosecutors who formerly represented an accused. Aldridge v. State, 583 So.2d 203, 205 (Miss.1991); Gray v. State, 469 So.2d 1252, 1255 (Miss.1985). *252 Rather, when a trial court is faced with a situation as the one before us, "a case-by-case analysis [is to be employed] to determine whether the lawyer gained any confidential information during his representation of the client." Aldridge, 583 So.2d at 205; Anderson v. State, 874 So.2d 1000, 1010(¶ 46) (Miss.Ct.App.2004). We repeat what has been so aptly stated by our supreme court:
no purpose would be served by applying the proscriptive rule to bar a prosecuting attorney's participation in a criminal case where the evidence fails to establish that the attorney, by reason of his professional relations with the accused, gained any confidential information regarding the matter involved in the criminal prosecution.
Gray, 469 So.2d at 1255 (citing Dunn v. State, 264 So.2d 823 (Miss.1972)).
¶ 6. In this case, no testimony was presented indicating that Buckley gained any information whatsoever from Jones regarding the pending attempted escape charges. In fact, our review of the record deduces that Buckley was already sworn into office as the district attorney before Jones' escape charge even came to light. Thus, we find that no confidential information was divulged in the prosecution of Jones that was obtained by Buckley during his former representation of Jones. It follows, then, that the district attorney's office was not required to disqualify itself, either, under an imputed disqualification analysis. The decision of the trial court to deny Jones' motion for disqualifying Buckley and other assistants at the district attorney's office is hereby affirmed.
II. SUFFICIENCY OF THE EVIDENCE
¶ 7. Jones argues that the lower court erred in allowing his conviction to stand because insufficient evidence was presented at trial to support his conviction. More specifically, Jones argues that evidence was presented showing that Hurricane Katrina, rather than he, was responsible for making a hole in the prison's fence through which he attempted escape. He asserts that the State failed to prove the elements necessary to convict him of attempted escape.
¶ 8. We review a lower court's denial of a post-trial motion to determine whether there has been an abuse of discretion. Brown v. State, 907 So.2d 336, 339(¶ 8) (Miss.2005). In considering motions challenging a verdict based on the sufficiency of the evidence, a court must ask whether the evidence presented by the prosecution showed "`beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where, the evidence fails to meet this test it is insufficient to support a conviction.'" Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "The evidence is viewed in the light most favorable to the State." Eakes v. State, 665 So.2d 852, 872 (Miss.1995). "All credible evidence supporting the conviction is taken as true; the State receives the benefit of all favorable inferences reasonably drawn from the evidence." Id. "Only where the evidence, as to at least one of the elements of the crime charged, is such that a reasonable and fair minded jury could only find the accused not guilty, will this Court reverse." Id. To convict Jones of the crime of attempted felony escape in violation of Mississippi Code Annotated section 97-9-49(1) (Rev. 2006), the prosecution had to prove that Jones was confined or was in custody by virtue of an arrest on a charge of felony or conviction of a felony and he "escape[d] or attempts by force or violence to escape" (1) "from any jail in which he [was] confined," *253 or (2) "from any custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest."
¶ 9. At trial, several witnesses testified on behalf of the State regarding their personal knowledge and investigation into Jones' attempted escape from the exercise yard area of the Jones County Adult Correctional Facility located in Ellisville. Testimony established that Jones was an inmate at the correctional facility while awaiting trial on two sexual battery charges. Eyewitness Sergeant David Hair testified in detail regarding Jones' escape attempt, describing Jones' actions in scaling the fence surrounding the correctional facility's recreational yard, prying apart two adjoining sections of the fence, and lodging himself inside the hole created in the fence. Officer Carlos Martin, another eyewitness, testified to arriving in the recreational yard to assist Sergeant Hair and witnessing Jones wedged in a hole in the fence. Captain Kevin Flynn, the jail administrator, testified to his inspection of the fence surrounding the recreational yard and confirmed that the fence contained no holes prior to the escape attempt by Jones. Additionally, testimony was received regarding the fence damage by the court from a sheriffs office investigator and the district attorney's investigator. Considering the evidence in the light most favorable to the State, we find that the lower court did not err in finding that there was sufficient evidence before the jury to convict Jones of attempted felony escape.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF ATTEMPTED FELONY ESCAPE AND SENTENCE OF THIRTY MONTHS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND REMOVAL FROM PUBLIC OFFICE AS THE COUNCILMAN OF WARD 7 OF THE CITY OF LAUREL, MISSISSIPPI AND SAID OFFICE IS HEREBY DECLARED VACANT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.