MYERS, J.,
For The Court.
¶ 1. Demont Burks pled guilty to the offense of robbery on June 3, 1997, in the Circuit Court of Lauderdale County, Mississippi, Circuit Judge Larry Roberts presiding. The plea was accepted and the sentence of fifteen years in the custody of the Mississippi Department of Corrections was imposed. This sentence was suspended by the trial court and Appellant was placed on five years reporting probation. Burks subsequently violated the terms of his probation resulting in the suspended sentence being revoked and reinstated on February 27, 1998. A motion for post-conviction relief was filed and summarily denied by the trial court. Burks raises the following issues on appeal:
1. WHETHER THE TRIAL COURT ERRED BY FINDING THAT DEFENDANT’S GUILTY PLEA WAS VOLUNTARILY ENTERED AND BY DENYING HIS PETITION FOR POST-CONVICTION RELIEF;
2. WHETHER THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT’S GUILTY PLEA WHEN THERE WAS AN INSUFFICIENT FACTUAL BASIS TO *846 FIND APPELLANT GUILTY OF ROBBERY; AND
3. WHETHER DEFENDANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE ENTRY OF THE GUILTY PLEA.
STATEMENT OF FACTS
¶ 2. On June 28, 1996, Demont Donnell Burks was indicted for the robbery of three gold rings belonging to Belinda Ran-dle from the person of Krystal Lewis. Lewis was Burks’ girlfriend at the time of the robbery. As stated above, Burks pled guilty to this crime and accepted a fifteen-year sentence which was suspended and was subsequently placed on five years reporting probation.
¶ 3. At the plea hearing, the trial judge cautioned Burks that the prosecution was setting him up and that a violation of his probation however slight would result in the revocation of the suspended sentence and the reinstatement of the fifteen-year sentence. During the entry of Burks’ guilty plea there was some confusion as to whether Burks actually robbed Lewis. The trial judge was about to order a jury trial to resolve the matter when Burks declared that he wanted to take the plea agreement. The trial judge then proceeded to question Burks at length concerning whether the plea agreement was voluntary and not the product of coercion. Burks then admitted that he did by force or threat thereof compel Lewis to give Burks the three rings. Throughout this entire process, Burks was represented by counsel who had gone through the plea agreement with Burks and explained the .consequences of any violation thereof. Burks violated his probation and as the trial court predicted, the fifteen-year sentence was reinstated.
STANDARD OF REVIEW AND LEGAL ANALYSIS
1. WHETHER THE TRIAL COURT ERRED BY FINDING THAT DEFENDANT’S GUILTY PLEA WAS VOLUNTARILY ENTERED AND BY DENYING HIS PETITION FOR POST-CONVICTION RELIEF.
¶ 4. The standard of review concerning the voluntariness of guilty pleas is that in order to be set aside, the findings of a trial court sitting without a jury must be clearly erroneous. Weatherspoon v. State, 736 So.2d 419, 421 (¶5) (Miss.Ct.App.1999). The guilty plea must be knowing and voluntary and the entire record of the entry of the plea must be examined. Id. Burks admitted under oath at the entry of his guilty plea that he understood that he was being charged with robbery and that he was admitting his guilt to that charge. Burks was informed of the maximum and minimum sentences that could be imposed. Burks had the advice of counsel throughout this proceeding. Burks stated that he was entering this guilty plea of his own free will and without coercion. There was a discrepancy in the record concerning whether Burks robbed Lewis or whether the three gold rings were a gift from Lewis to Burks. Burks resolved this confusion by stating repeatedly under oath that he did the crime after being informed by the trial court that his trial could begin that very afternoon. “The burden of proving that a guilty plea is involuntary is on the defendant and must be proven by a preponderance of the evidence.” Id. at 422 (¶ 8). Upon a full examination of the record of the entry of Burks’ guilty plea, it is clear that the guilty plea was entered voluntarily and Burks has failed to meet this burden.
*847 2. WHETHER THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT’S GUILTY PLEA WHEN THERE WAS AN INSUFFICIENT FACTUAL BASIS TO FIND DEFENDANT GUILTY OF ROBBERY.
¶ 5. URCCC Rule 8.04(A)(3) requires that in order for the trial court to accept a guilty plea, there must be a factual basis for the guilty plea. Burks contends that there was not a sufficient factual basis to find him guilty of robbery and therefore no factual basis for Burks’ guilty plea existed. Upon review of this issue, this Court must look to the entire record. Corley v. State, 585 So.2d 765, 768 (Miss.1991). Burks admitted to using force or the threat thereof in obtaining the three gold rings from Lewis. Burks admitted repeatedly that he committed the robbery. The record before this Court also indicated that at the time Burks entered his guilty plea, Burks had in his possession the three gold rings wrongfully taken from Lewis. Upon examination of the entire record, this Court finds that there was more than a sufficient factual basis to find Burks guilty of the robbery of Lewis.
3. WHETHER DEFENDANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE ENTRY OF THE GUILTY PLEA.
¶ 6. Burks claims that he was not provided effective assistance of counsel at the entry of his guilty plea. For Burks to prevail on this issue, he must prove that the attorney’s performance was deficient and that he was prejudiced by counsel’s mistakes. Weatherspoon, 736 So.2d at 422 (¶ 10), citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). At the plea hearing, Burks stated under oath that he had discussed the plea agreement with his attorney, that he understood what he was doing, and that he was satisfied with the advice given to him by the attorney. This clearly indicates that the attorney’s performance was not deficient. Even supposing some deficiency in Burks’ attorney’s representation, Burks was clearly not prejudiced by any error as Burks stated repeatedly under oath that he committed the robbery and that he understood the plea agreement.
¶ 7. Burks brings the issue of ineffective assistance of counsel before this Court supported only by Burks affidavit. The courts of this State have implicitly held that when a party offers only his affidavit in the context of post-conviction relief because of ineffective assistance of counsel, then the party’s claim is without merit. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Burks offers no other evidence of ineffective assistance of counsel other than his own affidavit after violating his probation and having the fifteen-year sentence enforced. This is opposed by earlier sworn statements made by Burks at the entry of the guilty plea that he had been advised by his attorney and that he was satisfied with that advice. Burks’ sworn statements during the entry of the guilty plea “carry a strong presumption of verity.” Bell v. State, 754 So.2d 492, 495 (¶ 7) (Miss.Ct.App.1999). Burks was well pleased with his attorney at the time he pled guilty to the robbery and only raised this issue after violating his probation and having the fifteen-year sentence reinstated. The submission by Burks of his own affidavit taken only after violating his probation and being sent to prison does not provide sufficient weight to convince this Court that Burks’ contention of ineffective assistance of counsel has merit.
CONCLUSION
¶ 8. The issues raised by Burks in this appeal are without merit. Upon viewing *848 the record as a whole, it is clear that Burks’ plea was freely and voluntarily given, there was a sufficient factual basis upon which to find Burks guilty of the robbery of Lewis, and Burks was given sufficient legal advice by his attorney. The trial judge cautioned Burks that the “sweetheart” deal he was receiving was nothing more than a setup by the prosecution and that any probation violation would result in revocation of the suspended sentence and reinstatement of the fifteen-year sentence. This admonishment by the trial court turned out to be a self-fulfilling prophesy for Burks.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE and IRVING, JJ., CONCUR. KING, P.J., DISSENTS WITH WRITTEN OPINION JOINED BY CHANDLER, J. BRANTLEY, J„ NOT PARTICIPATING.