MYERS, J., for the court.
¶ 1. Prunty Arrington pled guilty to strong arm robbery on August 8, 2000, in the Circuit Court of Newton County, Circuit Judge V.R. Cotten presiding. The plea was accepted and Arrington was sentenced to thirteen years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $1,500 as well as court costs and restitution to the victims in the amount of $1,092.95. Aggrieved by the length of the sentence imposed, Ar-rington properly filed a motion for post-conviction relief in the trial court. The trial court summarily denied Arrington’s motion for post-conviction relief. Arring-ton raises the following issues on appeal:
1. WHETHER THE TRIAL COURT ERRED BY FINDING THAT DEFENDANT’S GUILTY PLEA WAS VOLUNTARILY ENTERED AND BY DENYING HIS PETITION FOR POST-CONVICTION RELIEF; AND
2. WHETHER DEFENDANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE ENTRY OF THE GUILTY PLEA.
STATEMENT OF FACTS
¶ 2. On February 19, 2000, the Spaceway Oil store in Newton County was robbed. Later the same day, Prunty Arrington was arrested without an arrest warrant for the robbery. On February 20, 2000, Arring-ton was placed in a lineup but was not identified as the robber by the witnesses. A photograph of Arrington was then placed in a photographic lineup where he was identified as the robber by the witnesses. Arrington was not provided assistance of counsel during either identification proceeding. Arrington was indicted on August 3, 2000, and re-arraigned on August 8, 2000, wherein he pled guilty to the crime of strong arm robbery. Arring-ton was then sentenced to thirteen years in the custody of the Mississippi Department of Corrections, fined $1,500 and ordered to pay restitution in the amount of $1,092.95. Arrington petitioned the trial court for post-conviction relief which was summarily denied. From the denial of that petition, Arrington perfects the present appeal.
LEGAL ANALYSIS
1. WHETHER THE TRIAL COURT ERRED BY FINDING THAT DEFENDANT’S GUILTY PLEA WAS VOLUNTARILY ENTERED AND BY DENYING HIS PETITION FOR POST-CONVICTION RELIEF.
¶ 3. Arrington first contends that his guilty plea was not voluntarily entered as he was not apprized that he was waiving certain constitutionally protected rights such as the right to a jury trial, the right to confront witnesses, and the right to not incriminate himself. Wfiien reviewing the voluntariness of guilty pleas, this Court exercises a clearly erroneous standard of review. Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999). The guilty plea must be knowingly and voluntarily entered and, as such the defendant must be properly advised by his counsel and fully understand the consequences of *497 entering such a plea. Id. In determining whether the guilty plea was made know-ingily and voluntarily, an examination of the entire record must be conducted. Id. Arrington stated under oath that he understood that he was waiving his constitutional rights by pleading guilty and that he committed the crime charged against him. Arrington was informed of the maximum and minimum sentences that could be imposed against him. Arrington stated that the plea was being entered of his own free will and not from any promises of a lenient sentence or coercion. Arrington had the advice of counsel throughout the proceeding. It is the defendant’s burden to prove by a preponderance of the evidence that the guilty plea was not voluntarily given. Id. at 422(¶ 8). Arrington has failed to meet this burden as he has presented no evidence to indicate that the guilty plea was not entered knowing and intelligently. This issue is without merit as the guilty plea was voluntarily entered.
2. WHETHER DEFENDANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE ENTRY OP THE GUILTY PLEA.
¶ 4. Arrington complains that he was provided ineffective assistance of counsel at the entry of his guilty plea because his counsel did not assert that Arrington’s warrantless arrest was illegal, that Arrington was subjected to a photographic lineup without counsel present, and that Arrington was denied his right to a speedy trial. For Arrington to prevail on this issue, he must prove that his “counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.” Weatherspoon, 736 So.2d at 422(¶ 10), citing Strickland v. Washington, 466 U.S. 668, 687-96,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a rebuttable presumption that an attorney’s conduct “falls within a wide range of reasonable professional assistance,” and as such, this Court’s review of the attorney’s performance is “highly deferential” and viewed under a totality of circumstances standard. Id. With these standards in mind, we look to the issues raised by Arrington to determine whether his counsel’s actions were deficient.
¶5. Arrington first contends that the assistance rendered by his counsel was deficient because his attorney failed to investigate whether Arrington’s arrest was valid, even though done without an arrest warrant. An officer may make an arrest without a warrant when he has reasonable grounds to suspect that the person arrested committed a felony. Miss.Code Ann. § 99-3-7 (Rev.2000). Arrington has not asserted that the police officer did not have reasonable grounds to suspect that Arrington had committed a felony when the officer arrested him. As such, Arring-ton has not demonstrated that his counsel’s action or inaction was deficient or that he was prejudiced'by them as a police officer may make an arrest without a warrant where the officer has probable cause to believe the person arrested has committed a felony. Linson v. State, 799 So.2d 890, 893(¶ 7) (Miss.Ct.App.2001).
¶ 6. Arrington next contends that he was rendered ineffective assistance of counsel when his attorney was not present during a post-indictment photographic lineup. On the day after he was arrested, Arrington was placed in a physical lineup but was not picked by the witnesses as the person who committed the robbery. Ar-rington was later placed in a photographic lineup and was pointed out as the person who committed the robbery. It is well settled that the accused does not enjoy the right to counsel during a photographic lineup as it is not viewed as a critical stage of the criminal prosecution process. Magee v. State, 542 So.2d 228, 233 (Miss.1989). *498 Arrington was not subjected to ineffective assistance of counsel because of the absence of his attorney during the photographic lineup.
¶ 7. Arrington does not raise the issue of whether his rights were violated by not being represented during the initial physical lineup. Arrington did have the right to have an attorney present during the physical lineup as adversarial proceedings had arguably been initiated against him. Magee, 542 So.2d at 233. However, this argument is moot as Arrington suffered no prejudice by the absence of counsel as he was not identified in the physical lineup. Id.
¶ 8. Arrington’s final contention of ineffective assistance of counsel concerns whether his attorney should have raised the issue of denial of a right to a speedy trial. “The constitutional right to a speedy trial attaches at the time of a formal indictment, information, or arrest.” Birkley v. State, 750 So.2d 1245, 1249(¶ 11) (Miss.1999). This Court utilizes the balancing test set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine whether a defendant has received a speedy trial. Birkley, 750 So.2d at 1249(¶ 11). “The factors to be considered are: (1) length of delay; (2) reason for the delay; (3) whether the defendant has asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay.” Id. In weighing these factors, the totality of the circumstances must be considered. Id. at (¶ 12). The analysis of the Baker factors begins with the first factor, length of delay, as it operates as a triggering mechanism. Id. at (¶ 13). Any delay of eight months or more is presumptively prejudicial to the defendant. Id. at (¶ 14).
¶ 9. Arrington was arrested on February 19, 2000, indicted on August 3, 2000, and arraigned on August 8, 2000, where he entered his guilty plea. Arrington was subjected to a delay of approximately six months. Arrington presented no evidence to support the reason for the delay and the record is silent on this issue. Arrington does assert this right in his motion for post-conviction relief. Finally, Arrington has failed to argue or demonstrate that he was prejudiced by any delay in this case. Arrington was not denied his right to a speedy trial and his attorney did not err in failing to raise this issue.
CONCLUSION
¶ 10. The issues asserted by Arrington in this appeal are without merit. Arring-ton’s plea was knowingly and voluntarily given. Arrington’s counsel did not render ineffective assistance of counsel by failing to assert non-existent issues.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.