839 So.2d 543 (2002)
Earl TERRY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01489-COA.
Court of Appeals of Mississippi.
December 3, 2002.
Rehearing Denied March 4, 2003.
*544 Earl Terry, pro se, attorney for appellant.
Office of Attorney General By: Scott Stuart, attorneys for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. Earl Terry entered a guilty plea to two counts of sale of a controlled substance and was sentenced to twenty years on each count. He filed a motion for post-conviction collateral relief, and it was denied. Aggrieved, Terry asserts the following:
I. THE PLEA WAS NOT VOLUNTARILY AND KNOWINGLY ENTERED.
II. THE APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED.
III. THE INDICTMENTS ISSUED AGAINST THE DEFENDANT DO NOT COMPLY WITH THE LAW.
IV. THE PROSECUTOR AND THE JUDICIAL OFFICERS MISLED THE MEMBERS OF THE GRAND JURY IN ORDER TO PERPETRATE A CONSPIRACY.
Finding no error, we affirm.

FACTS
¶ 2. On September 2, 1999, Earl Terry sold cocaine to an under cover officer, Terry Davis. Again on September 30, 1999, Earl Terry sold cocaine to officer Terry Davis.
¶ 3. Earl Terry was indicted on these two counts for the sale of cocaine. The indictments charged Terry with transfer of controlled substance under Mississippi Code Ann. § 41-29-139(a)(1), enhanced penalty under Mississippi Code Ann. § 41-29-147, and habitual offender under Mississippi Code Ann. § 99-19-81 (Rev.2000). Terry's plea petition indicates that he was informed and was aware of the result of a guilty plea.
¶ 4. Terry entered a plea of guilty on both counts of sale of a controlled substance. The court sentenced Terry to *545 serve twenty years on each count, with the two terms running concurrently.

ANALYSIS
¶ 5. Terry provides little authority in the collage of issues regarding the denial of post-conviction relief. More importantly, Terry provides this Court with nothing to substantiate the assertions being the bases for appeal. Furthermore, Terry provides this Court with very little to review regarding his habitual offender status. The record reflects only a copy of the indictment, one page of the plea agreement, and only the last page of the sentencing order. The entire record lacks any evidence or attempt to enter evidence which might support any of Terry's many interpolated issues.
I. WAS THE PLEA OF GUILTY VOLUNTARILY AND KNOWINGLY ENTERED?
¶ 6. Terry asserts that his plea of guilty was not entered voluntarily or knowingly and furthermore that law enforcement officers acted improperly by creating the crime. He further claims that he explained to the trial judge that he was afraid for his life.
¶ 7. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999). The standard of review pertaining to voluntariness of guilty pleas is well settled: "this Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999). The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence. Id. at 422 (superceded by Miss. Code Ann. § 99-39-23 (Rev.2000)).
¶ 8. In the case sub judice, Terry asserts a number of inequities regarding the sentencing. The record shows no signs that Terry was in fear for his life as he asserts. There is no evidence that the officers created the crime for which Terry was charged. Terry cites Baca v. State, 106 N.M. 338, 742 P.2d 1043 (1987), to support the contention that the police created the crime. In Baca, the court determined that the police created the crime for which the accused had no predisposition. There is nothing in the record to show that the facts were in any way similar to those in Baca.
¶ 9. With no record of the plea hearing available for perusal by this Court, we must presume that the trial court acted properly. Moawad v. State, 531 So.2d 632, 635 (Miss.1988). There is no evidence in the record to support Terry's contentions of fear for his life at the sentencing or police creation of the crime. This issue is without merit.
II. WERE THE APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED?
¶ 10. Terry argues, "During Denial [sic] post-conviction respondent showed Know [sic] professional conduct at all in doing so violated petitioners constitutional rights." Terry continues to make claims of a conspiracy regarding the denial of post conviction relief and conduct that is in violation of the law on the part of the judge.
¶ 11. Terry's claims that his due process rights were violated are procedurally barred. An appellant is not entitled to raise new issues on appeal that have not first been presented to the trial court for determination. Dunn v. State, 693 So.2d *546 1333,1339 (Miss.1997). Furthermore, as there is no evidence in the record which in any way corroborates Terry's claims, this Court will presume that the trial court acted properly. Ford v. State, 708 So.2d 73,74 (¶ 11) (Miss.1998).
III. WHETHER THE INDICTMENTS ISSUED AGAINST THE DEFENDANT COMPLY WITH THE LAW?
¶ 12. Terry asserts that the circuit court should have directly found that the indictment was defective. Terry asserts that he should not have been sentenced under the habitual criminal: maximum term statute, Miss.Code Ann. § 99-19-81 (Rev.2000). This argument is wholly without merit. As the circuit court held, Terry's petition has no merit due to the fact that Terry was a habitual criminal under the statute. Additionally, Terry's entry of the guilty plea waived any such non-substantive defects to the indictment. See, e.g., Buford v. State, 756 So.2d 815(¶ 4) (Miss.Ct.App.2000); Brandau v. State, 662 So.2d 1051, 1055 (Miss.1995).
¶ 13. Mississippi Code Annotated § 99-39-21(1) (Rev.2000) mandates that a failure to raise an objection, defense or error in fact or law capable of determination at trial or on direct appeal shall be deemed a waiver. The prisoner will then be procedurally barred from raising that claim unless he can make a showing of good cause and actual prejudice. However, the question of the indictment is one which could and should have been raised on direct appeal. The indictment was not defective, but even if it were, the deficiencies were non-jurisdictional in nature and were waived when Terry entered his guilty plea. "A valid guilty plea ... admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant." Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990) (citations omitted). Therefore, the issue of whether the indictment was flawed is barred.
IV. WHETHER THE PROSECUTOR AND THE JUDICIAL OFFICERS MISLED THE MEMBERS OF THE GRAND JURY IN ORDER TO PERPETRATE A CONSPIRACY GIVING RISE TO INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 14. In his motion for post-conviction relief, Terry alleges that he received ineffective assistance of counsel because his attorney coerced him into pleading guilty, misrepresented the status of his case, and failed to properly prepare the case for trial, all with the collateral intent to cover up the fact that counsel was unprepared for trial. In order for Terry to prove the ineffective assistance of counsel claim, under Miss.Code Ann. § 99-39-11(2) (Rev.2000), the allegation must be alleged with specificity. "[He must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Smith v. State, 434 So.2d 212, 219 (Miss.1983).] See also Miss.Code Ann. § 99-39-9(1)(c) (Rev.2000). Terry alleges that his attorney coerced him into pleading guilty and did not advise him of the correct status of his case. However, Terry does not state the manner in which his attorney coerced him nor detail in what way he was unaware of the correct status of his case. Terry further asserts that the district attorney conspired with the public defender, attorney for Terry, in order to convict Terry of the crime charged. Terry fails to provide any reasons for these assertions.
¶ 15. We find that Terry has failed to meet his statutory burden of proof regarding *547 the allegation of ineffective assistance of counsel in that his assertions lack the "specificity and detail" required to establish a prima facie showing. Terry fails to meet his burden of proof. Terry is required to show that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.