861 So.2d 368 (2003)
Craig ROBY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00469-COA.
Court of Appeals of Mississippi.
December 16, 2003.
*369 Craig Roby, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellant.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
THOMAS, J., for the court.
¶ 1. Craig Roby, pro se, appeals an order of the Circuit Court of Attala County, Mississippi denying his petition for post-conviction relief. Aggrieved, Roby asserts the following issues on appeal:
I. THE GUILTY PLEA WAS MADE INVOLUNTARILY AS DEFENDANT WAS COMPELLED AND THREATENED INTO ENTERING THE PLEA.
II. THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
III. THE WARRANT AND GENERAL AFFIDAVIT WERE NOT SIGNED AND WERE THEREFORE INVALID AND THE INDICTMENT UNDER WHICH THE DEFENDANT WAS CHARGED DID NOT HAVE A CERTIFIED CAUSE NUMBER.
Finding no error, we affirm.
PROCEDURAL HISTORY AND FACTS
¶ 2. Craig Roby pled guilty to felony sale of cocaine in violation of Mississippi Code Annotated § 41-29-139(a)(1)(b)(1)(Rev.2001). The trial court sentenced Roby to twelve years with four years suspended and five years of probation after release. The trial court also ordered Roby to pay a fine of $5,000 with $4,000 suspended for a period of five years with $1,000 to pay along with a lab fee in the amount of $125. Roby filed a motion for post-conviction relief which the trial court summarily denied. Roby then perfected an appeal to this Court.

I. WAS THE GUILTY PLEA MADE INVOLUNTARILY AND WAS DEFENDANT COMPELLED AND THREATENED INTO ENTERING THE PLEA?
¶ 3. Roby asserts that the trial court erred in accepting his guilty plea because it was not voluntarily made. According to Roby, his counsel, Rosalind Jordan, intimidated him and coerced him into pleading guilty, stating that if he did not follow her directions the court would sentence him to the maximum of thirty years.
¶ 4. The standard of review pertaining to voluntariness of guilty pleas is well settled: "this Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999). The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence. Id. at 422(¶ 8) (superceded by Miss.Code Ann. § 99-39-23 (Rev.2000)); Terry v. State, 839 So.2d 543, 545(¶ 7) (Miss.Ct.App.2002). A plea is considered *370 "voluntary and intelligent" if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
¶ 5. The trial court questioned Roby thoroughly regarding his understanding of the charges against him, his constitutional rights, those that he was waiving by pleading guilty, and the effects of pleading guilty to the charges. Roby also signed a petition to plead guilty. Roby now asserts that his counsel intimidated and coerced him into pleading guilty, although he provides no evidence to support these assertions besides his own statements. The trial judge asked Roby specifically if he had been coerced or threatened into pleading guilty, and Roby responded in the negative. "Great weight is given to statements made under oath and in open court during sentencing." Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999) (quoting Young v. State, 731 So.2d 1120, 1123(¶ 12) (Miss.1994)).
¶ 6. The trial court found that Roby had knowledge of the charges against him and the consequences and that he pled guilty knowingly and voluntarily. Roby has failed to show by the preponderance of the evidence the trial court's decision was clearly erroneous. This issue is without merit.

II. DID THE DEFENDANT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 7. Roby asserts that he received ineffective assistance of counsel because his counsel, Rosalind Jordan, made intimidating comments and threatened him with receiving the maximum thirty year sentence if he did not plead guilty. Roby asserts that Jordan's remarks placed him under duress. There is no indication in the record other than the allegations made by Roby in his brief that Jordan's performance was ineffective. The trial judge asked Roby specifically if he had been coerced or threatened into pleading guilty, and Roby answered in the negative.
¶ 8. In order to be successful in a claim of ineffective assistance of counsel, the defendant is required to make both a showing of deficient performance and that, but for the deficient performance, a different result would likely have resulted. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Donnelly v. State, 841 So.2d 207, 211(¶ 8) (Miss. Ct.App.2003). In order for Roby to prove the ineffective assistance of counsel claim, under Mississippi Code Annotated Section 99-39-11(2) (Rev.2000), the allegation must be alleged with specificity. "[H]e must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Smith v. State, 434 So.2d 212, 219 (Miss.1983). See also Miss.Code Ann. § 99-39-9(1)(c) (Rev.2000); Terry v. State, 839 So.2d 543, 546(¶ 14) (Miss.Ct.App. 2002). "On review, we look with deference upon counsel's performance, considering the totality of the circumstances to determine whether it was both deficient and prejudicial." Conner v. State, 684 So.2d 608, 610 (Miss.1996).
¶ 9. We hold that Roby has failed to meet his statutory burden of proof required to establish a prima facie showing. Roby is required to show that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland, 466 U.S. at 686-87, 104 S.Ct. 2052. His own sworn testimony shows otherwise. Having failed to show deficient performance, this issue is without merit.

III. WERE THE WARRANT, GENERAL AFFIDAVIT, AND INDICTMENT INVALID FOR LACK OF *371 SIGNATURES AND CAUSE NUMBER?
¶ 10. Roby asserts that he was apprehended under a spurious warrant and general affidavit because they lacked signatures of a judge or magistrate and that the indictment under which he was charged did not have a proper cause number. Roby asserts that this information is newly discovered evidence and that he should be granted a new trial.
¶ 11. "A valid guilty plea ... admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant." Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990). The question of a petitioner's guilt will not be litigated on appeal. Taylor v. State, 682 So.2d 359, 362 (Miss.1996). As in Brooks, the deficiencies asserted by Roby are non-jurisdictional defects at best. Brooks, 573 So.2d at 1353. They must be timely asserted or they are waived. "Clearly they may not be raised for the very first time in an application for post conviction relief or, for that matter, on direct appeal, absent ...' a showing of cause and actual prejudice.'"Id. (quoting Miss.Code Ann. § 99-39-21(1) (Supp. 1990)). Roby has failed to show either.
¶ 12. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.